**David HUNT, Plaintiff,**

v.

**James SCHLESINGER et al., Defendants.**

**No. C 74–329.**

United States District Court,
W. D. Tennessee, W. D.

Dec. 30, 1974.

A. C. Wharton, Jr., Washington, D. C., for plaintiff.

Thomas F. Turley, U. S. Atty., and J. Richard Buchignani, Asst. U. S. Atty., for defendants.

## ORDER ON MOTION TO DISMISS

McRAE, District Judge.

This is an action brought by plaintiff, David Hunt, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by the Equal Employment Opportunity Act of 1972 (Pub.L. 92–261, March 24, 1972), and the Civil Rights Act of 1866, 42 U.S.C. § 1981, Executive Order 1478, 34 F.R. 12985 and the Fifth Amendment to the United States Constitution, seeking relief from alleged discriminatory employment practices with regard to the discharge of plaintiff from the United States Department of Defense, Defense Supply Agency, Defense Depot, Memphis, Tennessee. Defendants named in plaintiff's complaint are James Schlesinger, Secretary of Defense, who allegedly has direct control of the Defense Supply Agency of which Defense Supply Depot, Memphis, Tennessee, is a part; Lt. Gen. W. H. Robinson, Jr., who is Director of Defense Supply Agency; and Captain Austin McGovern, who is Commander of the Defense Depot, Memphis, Tennessee.

Plaintiff alleges in his complaint the following facts. On or about June 20, 1973, plaintiff received from Defense Supply Depot, Memphis, Tennessee, a

"Notice of Proposed Removal" informing him that no earlier than thirty (30) days from the date he received the notice, he would be removed from his position for notorious misconduct off duty. Plaintiff wrote a letter to the Director of Defense Supply Agency in Cameron Station, Virginia, and complained of the proposed adverse personnel action. The letter was transferred to the Director of Civilian Personnel at Defense Depot, Memphis, Tennessee, and they notified plaintiff on or about July 24, 1973, of the "Final Decision on Proposed Removal". Plaintiff on October 1, 1973, contacted the EEO officer at Defense Depot, Memphis, and was referred to an EEOC counselor, with whom plaintiff discussed his complaint. Plaintiff allegedly received, on October 23, 1973, his "Notice of Final Interview" informing him that informal adjustment was impossible and that he had a right to file a formal complaint of discrimination within fifteen (15) days of receipt of the "Notice of Final Interview". Plaintiff filed a written formal complaint with the Equal Employment Opportunity Commission, Washington, D. C., on October 26, 1973. The complaint was transferred by Washington to the Defense Depot in Memphis, but did not reach the Defense Depot in Memphis until November 28, 1973. On January 28, 1974, plaintiff received a final Defense Supply Agency decision, which held that his complaint was untimely filed. Plaintiff appealed this decision with the Board of Appeals and Review and, on May 15, 1974, the Board notified plaintiff that the original decision had been upheld. This action was then filed.

This case is now before the Court on Defendants' Motion to Dismiss. Defendants contend that the motion should be granted for the following reasons: (1) the complaint fails to state a claim upon which relief can be granted; (2) this Court lacks jurisdiction over the subject matter of this action; (3) plaintiff's filing of his EEO complaint was untimely, therefore, this Court is with-

out jurisdiction; (4) any suit which does not comply with the statutes and regulations is prohibited by the Doctrine of Sovereign Immunity and (5) plaintiff has failed to join the Commissioners of the Civil Service Commission as parties defendant.

In defendants' motion, they argue that the Court lacks jurisdiction as a consequence of the doctrine of sovereign immunity, citing Larson v. Domestic and Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1948) as authority. Whether or not *Larson* is applicable to this situation need not be determined because this Court finds an explicit waiver of sovereign immunity as to a suit against a federal agency or officer on grounds of discrimination in the light of Congress' adoption of the 1972 Amendment to the Equal Employment Opportunity Act (Pub.L. 92–261, March 24, 1972). The 1972 amendment was clearly adopted for the purpose of providing federal employees the same right to judicial review of discrimination charges as that embodied in the subchapter for nongovernmental employees. Thompson v. United States Dept. of Justice, Bureau of Narcotics and Dangerous Drugs, 360 F. Supp. 255 (D.C.Cal.1973). If a federal employee were barred by the doctrine of sovereign immunity from pursuing a discrimination suit against a federal agency or officer, the entire purpose of the provision would be frustrated. Clearly, if the federal government gave federal employees a right to be free from discrimination in employment, it also gave them the right to sue the federal government and its officers if those rights were not upheld. Therefore, the doctrine of sovereign immunity is not a bar to this action.

It is alleged in defendants' motion that this Court lacks jurisdiction because of the untimely filing of plaintiff's complaint of employment discrimination. The defendants contend that although the plaintiff filed his complaint

with the Office of Equal Employment Opportunity in Washington, D. C., within the fifteen day deadline, that in the light of the fact that the Washington office was not an authorized person to receive the complaint, the complaint was untimely filed, in that it did not reach the Commander, Defense Depot, Memphis, Tennessee, via the Washington Equal Employment Opportunity Office, until after the fifteen day deadline. The defendants for their contention that the complaint was untimely filed rely on Regulation 5 CFR § 713.214 which provides in pertinent part that "the complainant or his representative submit his written complaint to an appropriate official within 15 calendar days of the date of his final interview with the Equal Employment Opportunity Counselor," and on the alleged notice to the plaintff as to who was an appropriate official to receive his complaint in a letter of October 19, 1973, sent to the plaintiff advising him of his right to file a complaint. In examining the regulation in question and the letter sent to the plaintiff advising him of his right to submit a complaint, the Court does not agree with the defendants that the Equal Employment Opportunity Office in Washington, D. C., was an inappropriate agency to receive the complaint. The Civil Service Commission Regulation, 5 CFR § 713.-214(a)(2), states, "The appropriate officials to receive complaints are the head of the agency, the agency's Director of Equal Employment Opportunity, the head of a field installation, an Equal Employment Opportunity Officer . . . ." Plaintiff's filing of the complaint with the Equal Employment Opportunity Office, Washington, D. C., would fall within ambit of sending the complaint to an Equal Employment Opportunity Officer, because clearly, once the complaint is sent to an Equal Employment Opportunity Office, it is then referred to an Equal Employment Opportunity Officer. Even if this Court were to accept the defendants' interpretation of Regulation 5 CFR § 713.-

214, the Court believes that due to the ambiguous nature of the October 19, 1973, letter informing plaintiff of his right to file a complaint, that the receipt of the complaint by the Equal Employment Opportunity Office, Washington, D. C., before the fifteen day deadline should be viewed as the date of filing. The October 19, 1973, letter stated in pertinent part: "The complaint *must* be in writing and *may* be filed in person or by mail with the Equal Employment Opportunity Office: [list of names and officers] . . . or any of the following officials authorized to receive discrimination complaints: [list of names of officers]" (emphasis added). The use of the term *may* in referring to filing could lead a complainant to believe that the list of officers is not an exhaustive list to whom one may file but merely a suggested list of officers. Therefore, a filing with the Washington, D. C., Office of the Equal Employment Opportunity under these circumstances should be considered a timely filing with an appropriate officer. Defendants, in their motion, argue that this Court should give great weight to the Commissioners' findings that the complaint was untimely filed. While it is true that an administrative ruling should be given some weight, judicial proceedings arising out of alleged discrimination practices are not appeals from actions of the Commission but rather trials de novo. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Therefore, this Court is free to decide that the complaint, in the light of all the circumstances, was timely filed.

Defendants contend that this action should be dismissed for failure to state a claim upon which relief can be granted. "But a complaint should not be dismissed for insufficiency unless it appears to a certainty that the plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." 2A Moore's Federal

Practice, ¶ 12.08 citing Ballou v. General Electric Co., 393 F.2d 398 (C.A.1, 1968). Clearly, it cannot be said that the plaintiff, under any set of facts, cannot show that his discharge was a result of racial discrimination. Defendants have alternatively styled their Motion to Dismiss a Motion for Summary Judgment. To sustain a motion for summary judgment, the defendants must show that there are no genuine issues of material fact in dispute. In view of the Court's ruling above, there is a clear dispute in this case as to whether the discharge was a result of a discriminatory practice. Therefore, the action cannot be determined on a Motion for Summary Judgment.

■ Defendants further aver that the the action should be dismissed for failure to join indispensable parties, the Commissioners of the Civil Service Commission, as defendant in this action. The Court does not agree with this contention. 42 U.S.C. § 2000e–16(c) provides that the complainant "may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." The plaintiff in this case has named the heads of the various agencies and departments as defendants and, therefore, has complied with the requirements of Title VII, as amended. In the light of this provision, the Commissioners of the Civil Service are not indispensable parties. A recent case upheld this interpretation of 42 U.S.C. § 2000e–16(c), Henderson v. Defense Contract Administration Service Region, 370 F.Supp. 180 (S.D.N.Y.1974), in an identical situation as here, in which the defense was made that the Civil Service Commission was an indispensable party. This Court agrees with the *Henderson* court and holds that the Commissioners of the Civil Service Commission are not indispensable parties in this action.

It is, therefore, ordered that the motion is denied on all grounds and the discovery should proceed forthwith.