**Bradley K. BEASLEY, Plaintiff,**

v.

**William GRIFFIN et al., Defendants.**

**Civ. A. No. 75–170–S.**

United States District Court,
D. Massachusetts.

Feb. 23, 1977.

Jonathan Shapiro, Burnham, Stern & Shapiro, Boston, Mass., for plaintiff.

Judith H. Norris, Asst. U. S. Atty., Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

The plaintiff in this case, a black employee in Region I of the Customs Service, U. S. Department of the Treasury, alleges that he has been refused a promotion because of his race and that there is a pervasive scheme of employment discrimination in this region.

The case came before me for a hearing on January 3, 1977, on the defendants' motion to dismiss and the plaintiff's motions for a determination of class action status and for a preliminary injunction.

## DEFENDANTS' MOTION TO DISMISS

### Claim under 42 U.S.C. § 1981

■ Plaintiff seeks to ground his action in both 42 U.S.C. § 1981 and 42 U.S.C. § 2000e–16. The Supreme Court has held, however, that § 2000e–16 provides the exclusive remedy for a federal employee complaining of employment discrimination. *Brown v. G. S. A.*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Accordingly, the plaintiff's claim for relief under 42 U.S.C. § 1981 is dismissed.

### Claim under 42 U.S.C. § 2000e–16

*Timeliness*

■ The defendants argue that the claim under 42 U.S.C. § 2000e–16 should be dismissed because the plaintiff failed to file suit within thirty days of receipt of notice of the final action by the Civil Service Commission (the Commission). 42 U.S.C. § 2000e–16(c). The notice sent to this plaintiff, however, failed to comply with the Commission's own regulations since it did not include notice of the right to file a

civil action. 5 C.F.R. §§ 713.234 and .282 (1976).[1] Lack of notice to a claimant of his right to sue has been held to prevent the Commission's decision from constituting the "final action" which is necessary under § 2000e–16(c) to trigger the 30-day limitations period. *Allen v. United States*, 542 F.2d 176 (3d Cir. 1976). Where there is no final action, 42 U.S.C. § 2000e–16(c) permits a petitioner to file a civil action after 180 days from the filing of the initial charge. The plaintiff here has met the conditions for timeliness, and the defendants' motion to dismiss on this ground is denied. For an alternate basis for denying effect to the notice sent in this case, see *Coles v. Penny*, 174 U.S.App.D.C. 277, 531 F.2d 609 (1976), holding notice of the right to file suit to be statutorily required.

*Proper Parties*

■ Defendants Griffin and Simon further urge that the complaint under § 2000e–16 be dismissed as against them because under § 2000e–16(c) only the head of the relevant "department, agency, or unit, as appropriate, shall be the defendant" in a civil action. They argue that Vernon Acree as Commissioner of the Customs Service is the only proper defendant.

I have found no case dealing with the precise issue presented here. The cases deal with whether the United States or Commissioners of the Civil Service Commission may be joined as defendants. See, e. g., *Hunt v. Schlesinger*, 389 F.Supp. 725 (W.D.Tenn.1974); *Haire v. Calloway*, 385 F.Supp. 309 (E.D.Mo.1974); *Jones v. United States*, 376 F.Supp. 13 (D.D.C.1974). In *Hunt v. Schlesinger, supra*, however, several defendants were named in a chain of authority, from the Secretary of Defense to the commander of the particular defense depot where the plaintiff was employed. The court stated that the plaintiff had complied with the requirements of Title VII. *Hunt v. Schlesinger, supra* at 729. A similar chain of authority is evident in this action. Since each may be described as a "head" of the department, agency or unit in question here—the Boston Region of the United States Custom Service—I see no persuasive reason to dismiss the complaint as against any of them. The motions to dismiss on behalf of defendants Simon and Griffin in their official capacities are accordingly denied.

None of the defendants is a proper party under § 2000e–16(c) as an individual. *Brooks v. Brinegar*, 391 F.Supp. 710 (D.Okl. 1974). The motion to dismiss is therefore allowed with respect to any claim under that section against defendants as individuals.

*Exhaustion*

Defendants claim that the plaintiff has not adequately exhausted certain claims in administrative proceedings prior to filing this action. The claims to which they refer fall into three categories: (1) claims that the defendants relied on discriminatory, non-job-related tests and criteria, including the Federal Service Entrance Examination (FSEE), to prevent the plaintiff from attaining the promotion he sought; (2) claims that acts or omissions by the defendants discouraged or prevented plaintiff from *seeking* promotions (e. g., the allegation in Complaint, ¶ 19A, that defendants failed to advertise or to notify minority employees of promotion opportunities); and (3) claims (especially Complaint, ¶ 19B) that defendants failed to hire and recruit minority employees.

■ Exhaustion is required under 42 U.S.C. § 2000e–16(c). *Barrett v. U. S. Civil Service Commission*, 69 F.R.D. 544, 548–549 (D.D.C.1975). *See Brown v. G. S. A.*, 425 U.S. 820, 832–833, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

The requirement is tempered, however, by the general rule applied in Title VII cases requiring "no more than that the charge provide the Commission with general notice of the matter to be investigated,

---

1. 5 C.F.R. §§ 713.234 and .282 (1976) first appeared in 37 Fed.Reg. 22722–23 (Oct. 21, 1972), corrected at 37 Fed.Reg. 25699 (Dec. 2, 1972).

Thus they applied to the notice sent to the plaintiff by the Board of Appeals and Review, dated November 13, 1972.

and that the issues properly presented in a subsequent court action may include those which grow out of or are reasonably related to the Commission's investigation." *Sciaraffa v. Oxford Paper Co.*, 310 F.Supp. 891, 898 (D.Me.1970).[2]

█ The Civil Service Commission was clearly on notice with respect to the plaintiff's allegations concerning the discriminatory criteria applied to prevent him from successfully seeking promotion. In the plaintiff's statement of March 3, 1972, attached to the Commission's appeal file, the following colloquy appears:

Q: Do you feel that management is implementing means or either [sic] methods to keep you from being selected for the position of Customs Inspector because of your race?

A: Yes, I do, but I can't describe it. Without a doubt I feel that they are. Through the systematic form of creating stumbling blocks, for example, the 56 passing score on the FSEE non-competitive.

The Commission's Board of Appeals and Review relies on the plaintiff's score on the FSEE to support its decision that plaintiff's "non-selection for promotion to the position of Customs Inspector, GS–7, was not based on considerations of [his] race."

Plaintiff's allegations concerning failure to advertise positions and failure to recruit and hire minority employees do not appear to have been as specifically presented to the Civil Service Commission, but they are "reasonably related to the Commission's investigation." *Sciaraffa v. Oxford Paper Co., supra* at 898. It seems clear here, as it did in a case involving a similar issue:

. . . that once having received the complaint of discrimination against complainant the [investigating commission] would as a reasonable matter, extend their investigations to all areas of employment in which the complainant at one time or another had been exposed, including, of course, the facts and circumstances surrounding the initiation of [his] employment.

*Arey v. Providence Hospital*, 55 F.R.D. 62, 67 (D.D.C.1972).

Further, the Commission here did take note at several stages of the proceedings of the small percentage of black employees in the region and the still smaller percentage who occupied the higher positions. In this statistical observation, the Commission indicated awareness of evidence bearing on the plaintiff's present claims of a pattern of discrimination.

I find plaintiff has alleged sufficient exhaustion of his administrative remedies and, accordingly, the defendants' motion to dismiss the plaintiff's action under 42 U.S.C. § 2000e–16 is denied.

## PLAINTIFF'S MOTION FOR CLASS ACTION STATUS

█ The plaintiff seeks to proceed as a representative on behalf of a class consisting of "(a) all black employees of the United States Customs Service, Region I; (b) all black applicants for employment by the Customs Service, Region I; and (c) all potential black applicants for employment by the Customs Service, Region I."

Defendants would have this court deny plaintiff's motion on the grounds that proposed class members are not alleged to have exhausted their claims before the Commission. They rely on *Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975), where the court held that 42 U.S.C. § 405(g), providing for judicial review of "final agency decisions" at the Social Security Administration (SSA), constitutes a jurisdictional basis for a District Court's consideration. Claims of all class members not alleged to have procured an SSA decision were dismissed. *Salfi, supra* at 764, 95 S.Ct. 2457.

---

2. Though *Sciaraffa* and cases cited therein concerned charges brought before the EEOC in private discrimination actions, its holding on this point applies equally in federal cases. The exclusivity of Title VII remedies in the case of federal employees (*Brown v. G. S. A., supra*) makes it all the more appropriate that their complaints in the administrative proceedings be read liberally, so that the remedy may be as effective as Congress intended.

Substantial differences exist between the purposes and schematic framework of the Social Security Act and those of Title VII. Title VII was aimed at eliminating discrimination against "classes" of employees, while the provision of the Social Security Act considered in *Salfi* was designed to allow the resolution of very specific individual claims. To require exhaustion by all members of a proposed class in Title VII cases would be to impose a hollow formality tending to defeat the broad remedial purposes of the act. *Salfi* does not control in this action. All class members need not have exhausted their claims of discrimination prior to seeking relief in this court. *Williams v. T. V. A.*, 415 F.Supp. 454 (M.D. Tenn.1976); *Predmore v. Allen*, 407 F.Supp. 1067 (D.Md.1976).

Plaintiff's motion, in effect, asks this court to adopt a standard for class certification which would permit an "across the board" attack on defendants' alleged unequal employment practices. Such a standard has been generally adopted in Title VII cases in view of the broad remedial purposes of Title VII. *See, e. g., Rich v. Martin Marietta Corp.*, 522 F.2d 333 (10th Cir. 1975); *Barnett v. W. T. Grant Co.*, 518 F.2d 543 (4th Cir. 1975); *Wetzel v. Liberty Mutual Ins. Co.*, 508 F.2d 239 (3d Cir.), *cert. denied*, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); *Long v. Sapp*, 502 F.2d 34 (5th Cir. 1974); *Presseisen v. Swarthmore College*, 71 F.R.D. 34 (E.D.Pa.1976); *Arey v. Providence Hospital, supra.*

Although it has not yet directly addressed this issue this circuit has recognized in other contexts the discretion of the trial court in these matters and acknowledged that courts in Title VII cases permit plaintiffs to represent classes as broad as the one sought here. *See Jackson v. Dukakis*, 526 F.2d 64, 66–67 (1st Cir. 1975); *Castro v. Beecher*, 459 F.2d 725, 732, 732 n. 8 (1st Cir. 1972).

At this stage of the proceedings, prior to any significant discovery, the most practicable approach seems to be to permit the plaintiff to proceed as a representative of the class he seeks. I find that plaintiff has met the formal requisites of Rule 22. The defendants, if plaintiff's allegations are accepted as true, have "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed. R.Civ.P. 23(b)(2). Plaintiff's motion is accordingly allowed.

Concern for the rights of unnamed members requires that such certificate be conditional and that the scope of issues and parties be subject to reevaluation and limitation at a later time, as provided in Rule 23(c)(1). *Arey v. Providence Hospital, supra* at 69.

If plaintiff succeeds in proving the liability of defendants in this case "the Court may then have to examine some of the circumstances that are peculiar to the individual class members" in order to ascertain the propriety of individual relief. *Presseisen v. Swarthmore College, supra* at 47.

### NOTICE

The plaintiff is hereby ordered to submit a proposed order to provide for appropriate notice of this action to members of the class. Plaintiff will be directed to mail notice to members of the class who are presently employed in Region I and those whose applications for employment are pending or have recently been rejected. Defendants will be directed to provide the necessary lists of these employees and applicants with any costs to be borne by the defendant. Notice to other members of the class will be made by publication, and the proposed order shall provide for appropriate certificates of compliance. *See Arey v. Providence Hospital, supra* at 70–72.

### PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff has moved for a preliminary injunction to restrain defendants from filling any vacancies for the position of Customs Inspector in the Boston District pending the final outcome of his action. The motion is denied on the basis of the defendants' representation at the hearing

on these issues that if the plaintiff is successful in this action, defendants will provide him the position ·he seeks.