**John T. HUNTER, Plaintiff,**

v.

**John C. STETSON, Secretary of the Air Force, et al., Defendants.**

No. 76 C 786.

United States District Court,
E. D. New York.

Dec. 22, 1977.

Eisner, Levy, Steel & Bellman, P. C., New York City, for plaintiff.

David G. Trager, U. S. Atty., Eastern District of New York, Brooklyn, N. Y., for federal defendants.

Louis Lefkowitz, New York Atty. Gen., New York City, for State defendants.

MEMORANDUM AND ORDER

NICKERSON, District Judge.

Plaintiff has brought suit claiming that his military rank in the New York Air National Guard (the "Guard") was reduced as a reprisal for his having taken part in proceedings on a discrimination complaint filed against the Guard by one of its civilian employees. The complaint alleges that plaintiff is employed by the federal government as a civilian technician performing certain support functions for the Guard, and as a condition of this employment he is

required to be a member of the Guard pursuant to 32 U.S.C. § 709. At the time of the events complained of, plaintiff had a G.S.9 rating in his civilian employment and held the rank of Master Sergeant, E–7, as a member of the Guard. Plaintiff was also the Executive Vice President of the Association of Civil Technicians ("ACT"), which was (and is) the union representing the Guard's civil employees. In August of 1974, James Allen, a black member of ACT was dismissed from his civilian employment, and he filed a discrimination complaint under Title VII of the Civil Rights Act of 1964 against his employers, including Colonel John C. Campbell. Plaintiff aided Allen in presenting and prosecuting the complaint, which, though ultimately unsuccessful, resulted in a report that was critical of Colonel Campbell.

The gist of plaintiff's complaint is that in retaliation for having assisted Allen in his discrimination claim, Colonel Campbell (who, like plaintiff, has both a military and civilian status with the Guard, and who is in both capacities plaintiff's superior), reduced plaintiff's military rank on a military pretext.

The complaint alleges that plaintiff filed a complaint in March of 1975 in accordance with the rules and regulations applicable to employees of the National Guard Bureau, alleging discrimination based on plaintiff's representation of Allen. This application was denied by the Assistant Adjutant General of the New York Air National Guard, for the Chief of Staff to the Governor, on the ground that "the complaint was outside the purview of the equal opportunity system and . . . that the nature of plaintiff's allegation indicated his channel of redress was in the military rather than the technician sphere." [Amended Complaint, P. 5] This decision was appealed to the Board of Appeals and Review of the United States Civil Service Commission, which affirmed the action taken by the Assistant Adjutant General. Plaintiff thus demands various forms of declaratory, monetary and injunctive relief, and asserts jurisdiction under Subchapter VI of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.[1]

Several of the defendants have moved to dismiss the complaint (1) for lack of subject matter jurisdiction; (2) for failure to state a claim upon which relief may be granted; (3) for failure to exhaust administrative (military) remedies; and (4) "for failure to state a justiciable claim."

The gist of defendants' arguments on this motion is that because the alleged retaliation took the form of a reduction in plaintiff's military rank, plaintiff has no remedy under Title VII, since the military is not an "employer" within the meaning of the statute. The defendants thus ask this court to affirm the administrative decision on the question of jurisdiction and thus to remit plaintiff to whatever remedy plaintiff may have in military channels.[2]

Defendants cite substantial authority for the proposition that the military is not an "employer" within the meaning of Title VII, and I will, for the purposes of this motion, assume the point. However, this does not dispose of the case, for I read the complaint as alleging improper action on the part of plaintiff's *civilian* employers; i. e., exploiting their dual status as plaintiff's military and civilian superiors to pervert the military decision-making process. And this was allegedly done with the intent of furthering goals in the realm of civilian

---

1. Plaintiff also asserts a number of other statutory and constitutional bases of jurisdiction. In light of the recent Supreme Court decision in *Brown v. General Services Administration,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), holding that Section 717 of the Civil Rights Act of 1964 provides the exclusive remedy for a federal employee complaining of job discrimination, these other bases are untenable.

2. Defendants have submitted the affidavit of Frank S. Dispenza, Deputy Executive Secretary of the Air Force Board for the Correction of Military Records, which states that the Correction Board has the authority to review applications by members of the Guard which challenge reductions in rank, and to restore a member to his deserved rank and grant back pay. Affiant further states that plaintiff has not filed such an application.

employment: i. e., discouraging the processing of discrimination complaints.

It is the dual status of the Guard's employee-members that presents the difficult questions on this motion. It seems fairly clear that in an ordinary case of military discipline, there would be no immediate civilian remedy to review the facts upon which the disciplinary action was based, the application of military law or rules to those facts, or the severity of the punishment.

However, in the context of the peculiar factual situation presented here, I think that the complaint states a cause of action cognizable under Title VII. Plaintiff contends that the act which precipitated a reduction in his military rank (processing Allen's complaint) was committed within the scope of his civilian employment, and that it is only by virtue of the fact that his superiors in the Guard wear two hats that they were able to mete out punishment in the form of a reduction in military rank. In other words decision-making in the military sphere has allegedly been polluted by retaliatory motive with respect to the civilian sphere. Had the retaliation taken place in the civilian sphere, civilian redress would of course have been available to plaintiff.[3] Plaintiff further contends that the military disciplinary action has had an impact on his civilian employment, an apparently tenable claim in view of the dual status of plaintiff with respect to the Guard. It seems to me that Title VII gives the plaintiff the right to demand that a line be drawn in these matters between the civilian and the military aspects of his employment, and I see no reason why a district court's injunctive powers are not adequate for those pur-

poses.[4] At least that issue should not be decided without a fuller record before the court.

The complaint has been amended pursuant to an order of Judge Bramwell of this court, to whom this case was originally assigned. No answer has as yet been filed. The same question appears to be in issue, however. Since the matter should not be decided on this record, the motion is denied. So ordered.

**3.** Defendants do not dispute that 42 U.S.C. § 2000e–16 makes available to federal employees all the substantive rights which 42 U.S.C. § 2000e *et seq.* in general makes available to other employees. See *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 1952, 48 L.Ed.2d 416 (1976). 42 U.S.C. § 2000e–3(a) provides in pertinent part that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees . . because he has opposed any practice made an unlawful practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investiga-

tion, proceeding, or hearing under this subchapter." Plaintiff's complaint alleges that the retaliatory action occurred because of his participation in the processing of the discrimination complaint filed by Allen.

**4.** I need not decide at this juncture whether this court has the power to grant all of the relief demanded by plaintiff. In particular, I do not decide whether plaintiff may have his former military rank restored without first asking the appropriate military tribunal to pass on his application.