Jackie L. MILLER, Appellant,

v.

Major General Lavern E. WEBER, Chief, National Guard Bureau, Appellee.

No. 77–1773.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1978.

Decided June 16, 1978.

Philip E. Kaplan, Little Rock, Ark. (argued), Patti Hudson Marks, Little Rock, Ark., and Charles R. Garner, Fort Smith, Ark., on brief, for appellant.

Linda Jan Pack, Atty., App. Section, Civ. Div., Dept. of Justice, Washington, D. C. (argued), Robert E. Kopp and Richard A. Olderman, Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C., and Robert E. Johnson, U. S. Atty., Fort Smith, Ark., on brief, for appellee.

Before GIBSON, Chief Judge, HENLEY, Circuit Judge, and SCHATZ, District Judge.*

PER CURIAM.

Jackie L. Miller, a former employee of the Arkansas National Guard, brought this action against her former employer under 42 U.S.C. § 2000e–16 (Supp. V 1975), alleging that the National Guard discriminated against her on the basis of her sex by terminating her from a temporary position and failing to rehire her as a permanent

---

* The Honorable Albert G. Schatz, United States District Judge, District of Nebraska, sitting by designation.

employee. The District Court[1] denied her relief, holding that she had failed to produce any evidence of sex discrimination in her employment relationship with the National Guard. Miller appeals.

In July 1973, Miller, a member of the National Guard who had been previously employed in a job denominated "military" at a base in Fort Smith, Arkansas, was hired to fill a temporary and "civilian" clerk-typist position on the base. As part of this job, Miller had the duty of operating the base switchboard. Even prior to Miller's hiring as a temporary employee, the National Guard had decided to make the clerk-typist position permanent, in order to avoid the turnover and disruption caused by temporary employees. Miller was informed of this impending change when she was hired on a temporary basis. She was told that she could compete for the permanent position by submitting an application. She received no assurance that she would be hired to fill the permanent position and was, in fact, warned that taking the temporary position could diminish her chances for the permanent job, since it would give her superiors a chance to observe her work.

Miller applied for the permanent clerk-typist position on November 12, 1973. On November 21, she was given notice of the termination of her temporary position and told not to report back to work in the future. On November 23, she was notified that she had not been selected for the permanent position, which had been given to a male member of the National Guard, Jerry Whisenant.

In December 1973, Miller filed a complaint with the EEOC, alleging that she had not been chosen for the permanent position of clerk-typist because of sex discrimination. In January 1974, she filed a formal discrimination complaint with the National Guard, seeking reinstatement and back pay. Following an investigation into the matter,

the National Guard Bureau filed a final decision holding that Miller had not been the victim of sex discrimination. Miller subsequently brought the instant case in federal court. After a two-day trial to the court, Judge Williams ruled that Miller had failed to establish sex discrimination and dismissed her complaint.

On appeal, Miller contends that the District Court erred in failing to find that she had proved a prima facie case of sex discrimination.[2] She and defendant both agree that the four-part test for a prima facie case of discrimination set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), should apply here. To establish a prima facie case of sex discrimination under this test, this court has ruled that the plaintiff must demonstrate that:

1) she is a member of a protected class;
2) she applied for and qualified for a job for which the employer was seeking applicants;
3) despite her qualifications she was rejected; and
4) after her rejection, the position remained open and the employer continued to seek applications from persons with plaintiff's qualifications.

*Meyer v. Missouri State Highway Commission*, 567 F.2d 804, 808 (8th Cir. 1977). Miller offered and attempted to prove three principal allegations in support of her charge of sex discrimination: (1) the existence of a 1973 National Guard regulation which gave preference to "on board" individuals and thus required that she be awarded the permanent position; (2) derogatory remarks about women by two of her superiors; and (3) the awarding of the position to Whisenant prior to the expiration of the application period. She also offered some rather indefinite statistical evidence in support of her charge of sex discrimination.

---

1. The Honorable Paul X Williams, Chief Judge, United States District Court for the Western District of Arkansas.

2. The termination of Miller's temporary position was unexceptional and supports no inference of sex discrimination. On this appeal, we are concerned only with the Guard's decision not to hire Miller for the permanent clerk-typist position.

The District Court found that Miller had failed to prove her various allegations of sex discrimination. Her only evidence probative of the existence of a regulation requiring that "on board" employees, whether temporary or permanent, be hired in preference to applicants who were not "on board," was the testimony of a friend of hers who believed that the regulation existed, but was not sure whether it applied to temporary "on board" employees like Miller. Miller did not produce the regulation at trial and three National Guard officers testified that they knew of no such regulation. It is clear that Miller failed to prove the existence of a regulation requiring that she rather than Whisenant be hired for the permanent job.

■ The proof offered by Miller in support of her second and third allegations was equally deficient. The District Court rejected as insufficient to support a claim of discrimination Miller's "hearsay within hearsay" testimony that she had heard that two of her superiors had made derogatory remarks about women as employees. To prove the allegation that Whisenant had been hired before the end of the application period, Miller offered the testimony of two witnesses that at some point during the application period Whisenant had told them that he was going to work for the National Guard. This testimony was denied by Whisenant, and the District Court ruled that he had been chosen for the permanent job in compliance with the applicable regulations. We cannot say that this finding is clearly erroneous.

■ The statistical evidence offered by plaintiff was indefinite and incomplete. While it showed, generally speaking, low employment of women by the National Guard, there was no evidence showing the availability of potential women candidates who possessed the qualifications, skills and interests requisite for positions with the National Guard. Miller's statistical evidence was inadequate to establish sex discrimination by the Guard in its treatment of her.

Statistical analyses can serve as indirect indicators of discrimination where all citizens are on an equal footing. In an employment situation, however, each member of the general populace is not on an equal footing. To the contrary, as noted in *Mayor v. Educational Equality League*, 415 U.S. 605, 620, 94 S.Ct. 1323, 1333, 39 L.Ed.2d 630 (1974), "this is not a case in which it can be assumed that all citizens are fungible for purposes of determining whether members of a particular class have been unlawfully excluded." It is the plaintiff's responsibility to produce a meaningful statistical comparison. *James v. Wallace*, 533 F.2d 963, 967 (5th Cir. 1976). She failed to do so here.

Miller failed to establish a prima facie case of sex discrimination. Not only did she offer insufficient proof in support of her allegations of sex discrimination, but she also failed to show that she was qualified for the permanent position. The record shows that Miller's performance as a temporary employee was mediocre and unsatisfactory to her superiors. She was consistently late for work, which, because of the operational details of the switchboard which it was her duty to attend, was a source of continual inconvenience to both her co-employees and persons making calls through the switchboard. There was also evidence that she often took overly long coffee breaks, resulting in the same types of inconvenience to others.[3] Miller's superiors were displeased with the work habits she displayed during her temporary employment and on this basis they chose not to hire her to fill a permanent position entailing duties identical to those she had been performing unsatisfactorily. We can hardly fault Miller's superiors for taking her past job performance into consideration

---

**3.** Sgt. Styles testified that Ms. Miller was "tardy the majority of the time," that "in four and a half months the total time she was employed very seldom she would be at work on time," and that she often over-extended her coffee breaks. He emphasized that on many occasions he had spoken to Ms. Miller about the importance of opening the switchboard promptly at 8 a. m., but to no apparent avail.

when weighing her application for permanent employment.

It is apparent on the record that Miller was not hired for the permanent position because of her lackluster and inadequate performance as a temporary employee, and that her sex was not a factor in the hiring decision. Whisenant, the person hired for the permanent position, was transferred after three months and a woman was hired as his replacement. The record clearly indicates that Miller was not hired because her superiors, based on their past work experience with her, deemed her less qualified than another person who had applied for the job. We agree with the District Court that Miller failed to produce evidence of sex discrimination in her employment with the National Guard.