Samuel W. JONES, Jr.,
Plaintiff-Appellant,

v.

The TEXAS AIR NATIONAL GUARD,
the United States of America, et al.,
Defendants-Appellees.

No. 78–1316
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1978.

Bruce Baldwin, David R. McCormack, Dallas, Tex., for plaintiff-appellant.

John L. Hill, Atty. Gen., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for Texas Air Nat. Guard and State of Tex.

Kenneth J. Mighell, U. S. Atty., Stafford Hutchinson, Asst. U. S. Atty., Dallas, Tex., Linda M. Cole, Robert E. Kopp, Barbara A. Babcock, Asst. Attys. Gen., U. S. Dept. of Justice, Washington, D. C., for U. S. Dept. of Defense and Nat. Guard Bureau.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM:

This is an appeal from the judgment of the district court denying appellant Jones's claim for relief under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16.

Jones is a mechanic with the Texas Air National Guard. Technically, he is a federal employee of the Department of the Air Force. (Hence, the relevant Title VII provision is 42 U.S.C. § 2000e–16.) Appellant is the only black on his base in the Department of Maintenance and the only black to be a crew chief on the flight line.

The crux of Jones's complaint is that his transfer by the commanding officer of the base from the flight line to the periodic maintenance dock was the result of racial discrimination and hence prohibited under Title VII. Although the transfer had no effect upon appellant's pay scale, the new position was generally regarded as less prestigious. Jones failed to prove, however, that his transfer lessened his chances for promotion, which were in any event slight due to a low turnover rate and a large number of applications for the few available positions. To support his allegation of racial discrimination, Jones offered evidence of a pattern of discriminatory treatment culminating in his transfer.

Prior to filing this suit, Jones filed a formal discrimination complaint, and an EEO investigation was conducted. Thereafter, Jones received a Notice of Proposed Disposition containing a finding of no discrimination. He requested a hearing, which was held but terminated without reaching the merits of the case when Jones stated that he was unprepared because the Guard would not allow him to develop his case during working hours. The Adjutant General's Office then issued its decision finding no discrimination. The Board of Appeals and Review of the Civil Service Commission affirmed that decision. Jones then filed this suit.

To prevail, appellant must first make out a prima facie case of discrimination as outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Once a prima facie case is established, the burden shifts to appellee Texas Air National Guard to show by a preponderance of the evidence a nondiscriminatory reason for the action in question. If a nondiscriminatory reason is shown, Jones must show by a preponderance of the evidence that the reason given is a mere pretext for racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803–05, 93 S.Ct. 1817, 1824–25 (1973); *Turner v. Texas Instruments, Inc.*, 5 Cir., 1978, 555 F.2d 1251.

■ Assuming, arguendo, that Jones has made out a prima facie case of discrimination, it has been fully rebutted by appellee's showing that the transfer was motivated by nondiscriminatory reasons. As the trial judge emphasized in his written findings, personnel were reassigned by the base commander in response to a decrease in the number of aircraft at the base and to pressures to reassign personnel to conform with Civil Service guidelines. As a result, all employees of Jones's wage level (WG–10) were transferred from the flight line to the periodic maintenance dock, and flight line positions were limited to employees of a higher wage level (WG–12). Implementation of the reorganization resulted in the transfer of appellant and three whites (all WG–10) to the periodic maintenance dock and the transfer of two WG–12s (one of whom was Mexican-American) to the flight line.

As the trial judge's detailed opinion establishes, appellant has failed to offer sufficient evidence to support a finding that the above reasons motivating his transfer were mere pretext veiling discriminatory motivations. To support his pretext argument, appellant offered evidence of a pattern of discriminatory treatment leading up to his transfer. The trial court concluded that, although appellant's work environment was not free of racial prejudice, his commanding officer (who was responsible for the transfer) was not motivated by racial concerns in previous actions affecting the appellant.

The trial court accepted the commanding officer's explanation of those actions.[1]

 In sum, appellant Jones's evidence of a pattern of discriminatory treatment is not sufficient to support a conclusion that the nondiscriminatory reason for his transfer was mere pretext. The fact that white employees of his wage level were treated similarly, subject to an objective standard, is compelling evidence to the contrary. Thus, appellant has failed to counter the rebuttal of his prima facie case and has failed to show that his transfer was the result of racial discrimination prohibited under Title VII.

AFFIRMED.

---

1. For example, the commanding officer denied Jones's application for a temporary transfer to engine maintenance to gain more intensive experience on engines. He explained the denial on the basis of the demands for Jones's time on the flight line.

