Dennis D. GARNER, Plaintiff,

v.

SMITH AND DAVIS MANUFACTURING COMPANY, Defendant.

No. 84–2666C(4).

United States District Court,
E.D. Missouri.

Dec. 31, 1985.

———————

Shepherd, Sandberg & Phoenix, P.C., Philip Louis, St. Louis, Mo., for plaintiff.

McMahon, Berger, Hanna, Linihan, Cody & McCarthy, D. Michael Linihan, James N. Foster, Jr., St. Louis, Mo., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, AND JUDGMENT

CAHILL, District Judge.

### I. Summary of the Trial.

This action was brought pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, *et seq.* Plaintiff, a white male, alleges racial discrimination in that defendant failed to employ him on a full-time basis and discriminatorily discharged him because he was white.

Plaintiff was hired by defendant as a temporary part-time assembly line employee for less than a month. During that period a job opening in another department developed and plaintiff applied for the job asking for a transfer to that department. The company hired a black male, citing the fact that under the union contract in existence at that time, that despite the fact that he was a temporary employee with less than 30 days tenure, he had no seniority rights under the collective bargaining agreement. When his temporary employment expired plaintiff was released by the defendant company. Plaintiff alleges that the failure to transfer or hire him in the other department and the discharge were racially motivated.

### II. Findings of Fact.

Defendant Smith & Davis Manufacturing Company is a medical equipment manufacturing company which employed about 100 employees in St. Louis, Missouri.

Plaintiff Dennis Garner is a white male who was hired as a temporary employee in the assembly department as a general assembler for a period of time not to exceed 60 days to replace an injured employee. He was paid at the same rate as the injured employee, who was expected to return within the short period of plaintiff's temporary employment.

Plaintiff had made numerous telephone calls to defendant Smith & Davis Manufacturing Company seeking employment before he was hired as a temporary employee. When plaintiff was hired, it was made abundantly clear to him that he was being hired only as a temporary employee as a general assembler in the assembly department and would not become a union member or acquire any bidding rights for other jobs because he was only a temporary employee hired to replace a regular employee who was on a leave-of-absence.

Plaintiff expressed appreciation for the opportunity to work in any assignment, including a temporary one, and acknowledged that he was not a union member at the time of his discharge and hence had no bidding rights to other jobs and would have no such rights until employment of 30 days or more.

When several jobs in other departments developed, plaintiff applied for them but was not hired for them. At no time was race mentioned or discussed. Several of the applicants hired were black, others were not.

The defendant employed about 100 persons during the relevant period. About 40% were minority employees but the majority were white.

While employed as a temporary employee, the plaintiff's supervisor graded him as "a fair employee" but that he needed improvement in speed and production.

The Court further finds that the collective bargaining agreement then in existence with the United Steel Workers of America, AFL–CIO, specifically provided only regular full-time employees should be added to the seniority list after 30 days (with a 60-day probation to follow). The Court further finds that even the tempo-

rary job for which plaintiff had been hired had to be agreed to previously by the defendant company and the union.

## III. Conclusions of Law.

The burden rests with the plaintiff to establish a prima facie case that his failure to retain employment or to obtain new employment was due to racial discrimination. There was absolutely no evidence adduced by the plaintiff to support his allegation that race was a factor in 'either his discharge or failure to be hired for the new position. There was no mention of race by his employer, the personnel officer, or any other employee. While a goodly percentage of the workers were of minority races, still the majority were white as is the plaintiff.

Plaintiff had no contractual right by union contract or employer to have priority over other job seekers because of his temporary employment. As in the administrative hearing before the Equal Employment Opportunity Commission, he has failed to demonstrate that race was a motivating factor in his discharge. It is well settled that the complainant carries the burden of establishing a prima facie case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978); *Miller v. Weber*, 577 F.2d 75 (8th Cir.1978); *Meyer v. Missouri State Highway Commission*, 567 F.2d 804 (8th Cir.1977); *Henry v. Ford Motor Co.*, 553 F.2d 46 (8th Cir.1977); *General Motors Corp. v. Fair Employment Practices Division*, 574 S.W.2d 394 (Mo. 1978) (en banc); *Mosby v. Webster College*, 563 F.2d 901 (8th Cir.1977).

Accordingly, the Court finds that plaintiff has failed to establish a prima facie case of racial discrimination and DISMISSES his complaint. Each party is to bear its own costs.

SO ORDERED.