Sylvia A. JAMES, Plaintiff,

v.

Paul R. DAY, Adjutant General, Maine National Guard, Defendant.

Civ. No. 86–0248–P.

United States District Court,
D. Maine.

Oct. 27, 1986.

William C. Knowles, Verrill & Dana, Portland, Me., for plaintiff.

William R. Stokes, Asst. Atty. Gen., Augusta, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

GENE CARTER, District Judge.

This case is before the Court on Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons stated herein, the motion is granted.

### Factual Background

The allegations of the complaint, which for the purposes of this motion the Court accepts as true, are as follows. Plaintiff Sylvia A. James is a black woman who enlisted in the Maine Army National Guard (MANG) for a three-year period in 1975. She reenlisted each year between 1978 and 1986. In 1985 she applied for a civilian position as military personnel clerk with the MANG, but her application was denied, allegedly because of her race. She filed an administrative complaint which was processed and which resulted in a finding of "no discrimination." While the administrative complaint was pending she sought to reenlist but was refused on the allegedly pretextual ground that she was three pounds over the maximum permissible weight; Plaintiff alleges that she had been allowed to reenlist in 1984 and 1985 despite her having been significantly over the maximum permissible weight on those occasions. She filed a second administrative complaint, alleging retaliation, which was subsequently denied.

Plaintiff filed this civil action on August 5, 1986 against Paul R. Day, Adjutant Gen-

eral of the MANG. Count I alleges racial discrimination in violation of title VII, § 717 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16 (1982), and Count II alleges retaliation in violation of title VII, § 704, 42 U.S.C. § 2000e–3 (1982). Plaintiff seeks placement in the civilian position for which she applied, reinstatement in the MANG with full seniority and benefits, back pay, rescission of the order discharging her from the MANG, and reasonable attorneys' fees.

### Count I

■ Count I expressly alleges a violation of 42 U.S.C. § 2000e–16, which in relevant part prohibits employment discrimination "in military departments as defined in section 102 of title 5" as well as in other agencies and units of the federal government. Section 2000e–16(c) states that in section 2000e–16 actions, "the head of the department, agency, or unit, as appropriate, shall be the defendant." Plaintiff does not contend that the MANG is an "agency" or "unit" of the federal government, so Defendant asserts that he is not the head of the relevant "department" because 5 U.S.C. § 102 names only three military departments: the Army, the Navy, and the Air Force. Defendant thus argues that the Secretary of the Army is the proper party defendant.

Plaintiff argues that to require her to sue the Secretary of the Army would deny her effective relief, because Defendant Adjutant General completely controls MANG employment decisions and is subordinate only to the governor. But such an argument appears inconsistent with the assertion, implicit in Plaintiff's own choice to sue under section 2000e–16, that the MANG is an instrumentality of the federal government.

As support, Plaintiff cites *Taylor v. Jones*, 653 F.2d 1193, 1206–07 (8th Cir. 1981), where the court stated that "the federal government has no effective control over the exercise of the [state] Adjutant General's hiring discretion." But this observation came in the course of rejecting the United States' sovereign immunity argument; neither the Eighth Circuit nor the district court addressed the question whether the Adjutant General rather than the Secretary of the Army was the proper party defendant under section 2000e–16. In fact, none of the published *Taylor* opinions indicate whether the plaintiff even relied on section 2000e–16. Moreover, the Eighth Circuit's comment about "hiring discretion" related to the propriety of the district court's order of affirmative hiring requirements covering a wide range of positions throughout the state ANG. Here, in contrast, Plaintiff James has specifically requested injunctive relief applicable only to her individual case, and the effective power of the Secretary of the Army may conceivably differ here as compared with *Taylor*. (The Court, of course, expresses no opinion as to whether the Secretary of the Army could or should order any relief in this case.)

Plaintiff has also cited *Thornton v. Coffey*, 618 F.2d 686 (10th Cir.1980), where a state Adjutant General was successfully sued under section 2000e–16. But there is no indication that any party raised the issue of the proper party defendant in that case, and it is not persuasive authority for Plaintiff's position here. The Court has uncovered numerous other cases apparently permitting section 2000e–16 claims naming military defendants other than the Secretary of the Army, Navy, or Air Force, but none of the reported decisions specifically addresses the issue. *See Booker v. Brown*, 619 F.2d 57 (10th Cir.1980) (naming Chief of National Guard Bureau and Secretary of Defense); *Jones v. Texas Air National Guard*, 584 F.2d 104 (5th Cir.1978) (naming Texas Air National Guard, United States, and unspecified others); *Miller v. Weber*, 577 F.2d 75 (5th Cir.1978) (naming Chief of National Guard Bureau); *Grier v. Rumsfeld*, 466 F.Supp. 422 (S.D.Tex.1979) (naming Secretary of Defense and unspecified others); *Johnson v. Hoffman*, 424 F.Supp. 490 (E.D.Mo.1977) (naming Secretary of Defense and unspecified others), *aff'd sub nom. Johnson v. Alexander*, 572 F.2d 1219 (8th Cir.), *cert. denied*, 439 U.S.

986, *reh. denied*, 439 U.S. 1135, 99 S.Ct. 1061, 59 L.Ed.2d 98 (1978); *Napper v. Schnipke*, 393 F.Supp. 379 (E.D.Mich.1975) (naming state Adjutant General and Secretary of the Air Force). *See also Hunter v. Stetson*, 444 F.Supp. 238 (E.D.N.Y.1977) (naming Secretary of the Air Force and unspecified others).

Courts that have explicitly addressed the issue of the proper party defendant under section 2000e–16 have generally agreed that the *only* proper party defendant is the head of the department, agency, or unit involved. *See, e.g., Cooper v. U.S. Postal Service*, 740 F.2d 714, 715–16 (9th Cir. 1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *Hall v. Small Business Administration*, 695 F.2d 175, 180 (5th Cir.1983); *Davis v. Califano*, 613 F.2d 957, 958 n. 1 (D.C.Cir.1979). A somewhat more liberal approach seems to prevail in at least one other district in this Circuit. *See Fischer v. U.S. Department of Transportation*, 430 F.Supp. 1349, 1351 (D.Mass.1977) (reaching merits of motions on assumption that plaintiff would amend her pleadings to name proper party defendant, but dismissing case), *aff'd on other grounds, sub nom.; Fischer v. Adams*, 572 F.2d 406 (1st Cir.1978); *Beasley v. Griffin*, 427 F.Supp. 801 (D.Mass.1977) (permitting section 2000e–16 claim against defendants in "chain of authority" of U.S. Customs Service). *See also I.M.A.G.E. v. Bailar*, 78 F.R.D. 549 (N.D.Cal.1978); *Guilday v. Department of Justice*, 451 F.Supp. 717, 725 (D.Del.1978) (discussing courts' "considerable discretion to decide which defendant is the 'appropriate' one under section 2000e–16(c)"); *Hunt v. Schlesinger*, 389 F.Supp. 725, 729 (W.D.Tenn.1974). But the First Circuit has not approved this approach, nor is it widely accepted elsewhere.

Count I will therefore be dismissed, without prejudice to the Plaintiff's right to bring a claim against the Adjutant General based on other provisions of title VII or other civil rights statutes and/or against the Secretary of the Army under section 2000e–16 or other laws. The Court is constrained to notice, without deciding, that Plaintiff's administrative race discrimina-tion complaint was apparently finally denied by the letter from Defendant dated June 5, 1986, yet the complaint in this civil action was not filed in this Court until August 5, 1986. Section 2000e–16(c) requires the civil action to be filed within thirty days of receipt of notice of final action on a section 2000e–16 charge, and courts in other circuits have held this time limit to be jurisdictional. *See, e.g., Cooper v. U.S. Postal Service*, 740 F.2d 714, 716–17 (9th Cir.1984), *cert. denied*, 471 U.S. 1022, 105 S.Ct. 2034, 85 L.Ed.2d 316 (1985); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1083–86 (9th Cir. 1983).

## *Count II*

■ Count II does not specifically rely on section 2000e–16; it merely alleges retaliation, an unlawful employment practice under section 2000e–3. Defendant argues that title VII (including its prohibition of retaliation) is inapplicable to enlistments in the MANG because such a military enlistment is not an employment relationship with the government. Plaintiff concedes that this proposition is generally valid, but, relying on *Hunter v. Stetson*, 444 F.Supp. 238 (E.D.N.Y.1977), contends that title VII applies here because the alleged retaliation also affected her in her capacity as "an applicant for federal civilian employment as a national guard technician." Memorandum in Opposition to Defendant's Motion to Dismiss at 5.

In essence, then, Plaintiff alleges retaliation in the context of her civilian employment relationship with the federal government. *See Hunter v. Stetson, supra*, at 239 ("read[ing] the complaint as alleging improper action on the part of plaintiff's *civilian* employers") (emphasis in original). Thus characterized, such retaliation would state a title VII cause of action, if at all, under section 2000e–16, which makes title VII applicable to certain federal employees. Therefore, as with Count I, Defendant Adjutant General is not the proper party defendant, and Count II will be dismissed without prejudice.

It is therefore ORDERED that Defendant's Motion to Dismiss the Complaint be, and it is hereby, GRANTED.