**Arthur J. MAGNO and Rose M. Magno, Plaintiffs,**

**v.**

**CANADIAN PACIFIC, LTD. and Exxon Corporation, Defendants.**

**Civ. A. No. 78–0907–C.**

United States District Court, D. Massachusetts.

Dec. 7, 1979.

Michael B. Latti, Roger E. Hughes, Jr., Latti Associates, Boston, Mass., for plaintiffs.

Francis H. Fox, Francis J. Sally, Bingham, Dana & Gould, Boston, Mass., for Exxon Corp.

Richard B. Kydd, Kneeland, Kydd & Handy, Boston, Mass., for Canadian Pacific.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action in which plaintiff Arthur J. Magno seeks recovery for injuries he sustained on March 7, 1976 while using a gangway to board the vessel Ralph A. Emerson, then berthed in Everett, Massachusetts. Plaintiff's wife, Rose Magno, is also a plaintiff in this action and seeks recovery for loss of consortium.

Mr. and Mrs. Magno commenced this action on April 25, 1978 against defendant Canadian Pacific, Ltd., a corporation organized under the laws of Bermuda and alleged to be the owner of the Ralph A. Emerson, and against defendant Exxon Corp., a New Jersey corporation and alleged to be the owner of the dock and the gangway which Mr. Magno used to board the vessel. Plaintiffs attempted to serve defendant by serving Moran Shipping Agents of Boston, believing it to be an agent for Canadian Pacific. Moran Shipping Agents refused to accept service from the U.S. Marshal, stating to the Marshal that they were not agents for the defendant. On his return of service, the deputy Marshal certified that he was unable to locate defendant Canadian Pacific. Plaintiffs made no further attempt to serve Canadian Pacific, but did effect service on defendant Exxon. Exxon answered and has pursued discovery.

On June 13, 1979, after the expiration of the three year Massachusetts tort statute of limitations, G.L. c. 260, § 2A plaintiffs filed a motion, which was allowed, to continue the trial date previously set for June 18. As the basis for their motion, plaintiffs stated that "issue has not been joined between the plaintiff and the defendant shipowner, Canadian Pacific, Ltd." On August 22, plaintiffs filed a motion, which was allowed, to amend those counts of their original complaint stating claims against Canadian Pacific. By this time, plaintiffs had discovered the identity of defendant's local counsel, and a copy of the amended complaint was mailed to him. On September 5, plaintiffs again moved for leave to amend the complaint by striking the name "Canadian Pacific, Ltd." and substituting the name "Canadian Pacific (Bermuda), Ltd.," a subsidiary of Canadian Pacific. This motion was assented to by all counsel.

 On September 10, defendant Canadian Pacific (Bermuda) moved to dismiss on the basis that the statute of limitations had expired, and this matter is now before the Court on that motion. Plaintiffs oppose the motion to dismiss on the ground that the amendment substituting Canadian Pacific (Bermuda) for Canadian Pacific relates back to the filing of the original complaint. Under the Federal Rules of Civil Procedure, that is clearly not the case. Rule 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The last two criteria set forth in Rule 15(c) are not satisfied here. Canadian Pacific (Bermuda) states that it had no notice of the possible claim against it until July 23, 1979; plaintiffs do not contend to the contrary. In any event, I rule that, as a matter of federal law, an amendment changing a party does not relate back when the original party was not even served with process within the statutory period. *See Simmons v. Fenton*, 480 F.2d 133, 136 (7th Cir. 1973). Thus, if federal Rule 15(c) controls the disposition of this matter, the amendment substituting Canadian Pacific (Bermuda) does not relate back and the plaintiffs have failed to state a claim against that defendant.

Plaintiffs contend, however, that a federal court sitting in Massachusetts must look to Massachusetts, not federal, procedural law to determine whether an amendment changing a party relates back. That statement of law is vastly overbroad. While it is true that this Circuit does follow the minority view that federal courts sitting in diversity cases follow state procedure as to relation back when state substantive law provides the rule of decision, *compare Marshall v. Mulrenin,* 508 F.2d 39, 44–45 (1st Cir. 1974) *with Skidmore v. Syntex Laboratories, Inc.,* 529 F.2d 1244, 1249 (5th Cir. 1976), that rule does not apply to diversity cases where federal law provides the rule of decision or in federal question cases. 3 Moore's Federal Practice ¶ 15.-15[2], n.1. If federal substantive law controls the decision of the case, a federal court, even in this Circuit, must apply federal Rule 15(c).

Therefore, the next question before the Court is whether federal or state substantive law controls the disposition of plaintiffs' claims against Canadian Pacific. Plaintiffs' original complaint against Canadian Pacific stated claims for negligence under the Jones Act, 46 U.S.C.A. § 688, and for unseaworthiness and maintenance and cure under general maritime law. These are unquestionably claims as to which federal law controls. But after the statute of limitations had expired, plaintiffs amended their complaint by striking the claims under the Jones Act and under general maritime law (although retaining such claims against defendant Exxon), substituting claims for negligence, and invoking the Court's diversity jurisdiction. Nevertheless, the label which plaintiffs place on their claims cannot change the fact that Mr. Magno was injured while using a gangway to board the vessel. Because this is a maritime accident within the court's admiralty jurisdiction, *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 207, 214 & n.14, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971); *Romero Reyes v. Marine Enterpris-*

*es, Inc.,* 494 F.2d 866, 869–70 (1st Cir. 1974), state law does not control. Although diversity may provide an alternative basis for a federal court to exercise jurisdiction over a maritime claim, federal substantive law still controls the decision of the case. *Victory Carriers, supra,* 404 U.S. at 204, 92 S.Ct. 418; *Moore-McCormack Lines, Inc. v. Amirault,* 202 F.2d 893, 896–97 (1st Cir. 1953); *Jansson v. Swedish American Line,* 185 F.2d 212, 216 (1st Cir. 1950). Thus, Rule 15(c) of the Federal Rules determines whether the amendment substituting Canadian Pacific (Bermuda) as a party may relate back.

For the reasons stated previously, Rule 15(c) does not allow that amendment to relate back and plaintiffs' claims against Canadian Pacific (Bermuda) Ltd. must be dismissed for failure to state a claim upon which relief can be granted.[1]

Order Accordingly.

1. It is unnecessary to decide whether the more liberal Massachusetts rule, Mass.R.Civ.P. 15(c), would allow relation back in this case. For applications of that rule, see *Ward v. Hercules, Inc.,* 75 F.R.D. 455 (D.C.1977); *Nayer v. Robershaw-Fulton Controls Co.,* 195 F.Supp. 704 (D.Mass.1961).