Rosemary **LARKING**, et al., Plaintiffs,

v.

Roscoe L. **EGGER**, Jr., Commissioner of Internal Revenue Service, Defendant.

Civ. A. No. 82–3694–G.

United States District Court, D. Massachusetts.

Aug. 6, 1987.

27

Francis C. Newton, Jr., Boston, Mass., for plaintiffs.

Leila Kern, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT AND DENYING DEFENDANT'S MOTION TO DISMISS

GARRITY, District Judge.

Rosemary Larking and her husband, Donald Larking, brought this action in December 1981 against Roscoe Egger, Jr., Commissioner of the Internal Revenue Service (IRS), and several of Mrs. Larking's superiors in the Boston District of the IRS.[1] They alleged an array of improper and discriminatory acts in violation of both common law and federal statutes. Counts

---

1. Mrs. Larking initiated a series of administrative complaints of discrimination and unfair treatment on June 1, 1981; and they continued through the fall of 1981 and early part of 1982. She was eventually dismissed from her position effective January 19, 1982. Pursuant to 42 U.S.C. § 2000e–16(c), she was entitled to file a civil action in federal court after 180 days had passed "from the filing of the initial charge ...", i.e., approximately December 1, 1981, if no final administrative action was taken in that time. She brought this action on December 13, 1982, approximately one and one-half years after her initial complaint and eleven months after her dismissal. Final decision by the Department of Treasury was not rendered until May 15, 1986 (notice being received by plaintiff on May 24, 1986), denying her complaints "for lack of jurisdiction." The merits of her charges were apparently not reached at the administrative level.

II through VI of the complaint were previously decided in favor of most of the defendants and are no longer at issue. All that remains is Count I of the action, Mrs. Larking's claim against defendant Egger. It alleges discrimination on account of physical handicap in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(a).

The United States has now moved to dismiss the surviving count on the ground that it fails to designate "the head of the [appropriate] department, agency, or unit" as the defendant—in this case, the Secretary of the Treasury—a requirement of 42 U.S.C. § 2000e–16(c). *See, e.g., Stephenson v. Simon,* D.D.C.1976, 427 F.Supp. 467, 470. Plaintiff opposes the motion and maintains that the statutory language can be interpreted more flexibly. In her view, the statute permits designating Commissioner Egger as defendant because he is in "a chain of authority" linking the ultimate head of the federal department to the plaintiff. *See, e.g., Beasley v. Griffin,* D.Mass. 1977, 427 F.Supp. 801, 803.

Alternatively, plaintiff has filed a motion to amend her complaint to substitute James A. Baker, III, Secretary of the Treasury, for defendant Egger. The amendment, if properly allowed, would cure the jurisdictional defect underlying defendant's motion. In response, the United States originally contended that the amendment should be disallowed but now seems to argue that its allowance is irrelevant, since insertion of a new defendant would not "relate back" to the original filing of the complaint.[2] In defendant's view, the amendment would amount to a new action and consequently would have to be dismissed as untimely. *See Schiavone v. Fortune,* 1986, 477 U.S. 21, 106 S.Ct. 2379.[3]

The court disagrees with this view and concludes that the amendment in dispute is both just and timely under well-established principles, in effect mooting the United States' motion to dismiss. Prejudice is the central consideration under Fed. R.Civ.P. 15, and it is plain that the initial failure to name a proper defendant has not harmed the United States in any way. *See generally* J. Moore, 3 *Moore's Federal Practice,* ¶ 15.08[4] at 15–69 (1986). Naming the Secretary of the Treasury a defendant now would not introduce new factual or legal claims. *Cf. Carter v. Supermarkets General Corp.,* 1 Cir.1982, 684 F.2d 187, 192; *Scully Signal Co. v. Electronics Corp. of America,* 1 Cir.1977, 570 F.2d 355, 362–63. Nor would it impair defendant's legal representation since the United States Attorney for this District will undoubtedly continue to defend the United States' interest capably regardless of the particular defendant named in the complaint. Delay in correcting a pleading, without more, is insufficient to reject a proposed amendment under Fed.R.Civ.P. 15(a), and that is all that has been argued and shown here. *See Carey v. Look,* 1 Cir.1981, 641 F.2d 32, 38; *see also* 3 *Moore's Federal Practice, supra,* ¶ 15.08[4] at 15–76 (1985).

---

2. In a letter to the court dated July 15, 1987, the United States expressed its decision not to oppose the amendment of the complaint sought by plaintiff. By declining, at the same time, to withdraw its motion to dismiss, the United States implies that it regards the amendment as ineffective to cure the alleged jurisdictional defect. It is regarded as ineffective, apparently, because of untimeliness—at least that was the position implied by government counsel at oral argument. It is also possible that by withdrawing opposition to plaintiff's proposed amendment while continuing to press its motion to dismiss, the government is merely seeking a technical change in the pleadings. That is, it would let the remaining count go forward but without Roscoe Egger as defendant. The language of the United States' motion indicates a broader objective, however, and the motion will be treated as one to dismiss the entire action, not simply as a "housecleaning" gesture.

3. Once an agency takes final action on a charge of discrimination, the complainant has "thirty days [from] receipt of notice ..." to file a civil action in federal court. 42 U.S.C. § 2000e–16(c). Plaintiff received notice from the Department of Treasury of final action on May 24, 1986. (See *supra* n. 1.) Her amended complaint, if not held to "relate back", would plainly be beyond the thirty day period. Failure to file in the statutory period has been held to remove the district court's subject matter jurisdiction over a complaint. *See, e.g., Hyman v. Merit Systems Protection Board,* 9 Cir.1986, 799 F.2d 1421, 1422.

■ The second reason for allowing the amendment is that it clearly "relates back" to the original filing of the complaint in December 1982.[4] The Supreme Court in *Schiavone v. Fortune, supra,* 106 S.Ct. at 2384, set out the four criteria that must be satisfied under Fed.R.Civ.P. 15(c) for a substitution of parties to "relate back":

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*See also Hernandez Jimenez v. Calero Toledo,* 1 Cir.1979, 604 F.2d 99, 102. The first criterion is not disputed, and the other three are plainly satisfied because adequate notice of the action was given to the United States in a timely fashion.

Fed.R.Civ.P. 15(c) provides several particular methods of serving notice upon a federal defendant, including service of process on the Attorney General of the United States. Plaintiff satisfied *Schiavone*'s second and third criteria in this particular manner.[5] She has produced a copy of a receipt demonstrating acceptance of the complaint and summons by the Attorney General on December 15, 1982. This is sufficient to satisfy the requirements of Fed.R.Civ.P. 15(c) in a suit against an officer of the federal government. *Cf. Odence v. Salmonson Ventures,* D.R.I.1985, 108 F.R.D. 163, 168.

As to the fourth criterion, i.e., notice being given "within the period provided by law for commencing the action against [the proper defendant]," service on the Attorney General was made more than 180 days after plaintiff submitted her first administrative complaint but before any final action was taken by IRS. (*See supra* n. 1). This was an appropriate time to file under the statute, 42 U.S.C. § 2000e–16(c), i.e., plainly within the time provided by law for commencing the action. In fact, absent a final agency decision, one court has held that "there is no limit on the time in which a suit may be filed in district court." *Waiters v. Parsons,* 3 Cir.1984, 729 F.2d 233, 234 (per curiam). Even if this position goes too far, plaintiff clearly gave notice of her claims to defendant in a timely manner. One and one-half years after her first complaint—eleven months after her dismissal— is not an unduly long period to wait for administrative proceedings to end, especially in light of Congress's strong support for nonjudicial remedies in employment disputes. *Cf. McAdams v. Thermal Industries, Inc.,* W.D.Pa.1977, 428 F.Supp. 156, 160–61. Massachusetts, for example, has a three-year statute of limitations for actions brought under state law alleging employment discrimination. M.G.L. c. 151B, § 9.

■ The United States has suggested that the court might imply a period of limitations in this context, but it has supplied no authority for construing the statute's plain language (omitting any reference to a period of limitations when no agency action is taken) in this manner. Nor has the United States asserted the equitable defense of laches, or made any showing whatsoever of prejudicial delay by plaintiff. Thus, plaintiff's original filing

---

**4.** The implication of the United States' position (*see supra* n. 2) is that the court might allow plaintiff's proposed amendment pursuant to Fed.R.Civ.P. 15(a) but then deprive it of any meaning by holding, under Fed.R.Civ.P. 15(c), that it does not relate back to the filing of the original complaint. The court questions the need for such a roundabout approach. Instead of treating the guidelines of Fed.R.Civ.P. 15(a) and (c) as separate inquiries, the court subsumes the "relation back" problem under the broader issue of whether the proposed amendment is proper at all under Fed.R.Civ.P. 15. *See*

3 *Moore's Federal Practice, supra* ¶ 15.08[4] at 15–82–83.

**5.** The court does not address the state law of "relation back" because federal standards govern an action based on federal law, against a federal defendant, *see Magno v. Canadian Pacific Ltd.,* D.Mass.1979, 84 F.R.D. 414, 416 & n. 1, especially where the provisions of Fed.R.Civ.P. 15(c) explicitly control the instant situation. *Cf. Hanna v. Plumer,* 1965, 380 U.S. 460, 471–74, 85 S.Ct. 1136, 1143–46, 14 L.Ed.2d 8.

and notice to defendant must be deemed timely under Fed.R.Civ.P. 15(c). There is no basis for rejecting a "relation back" of plaintiff's amendment. *Cf. Schiavone v. Fortune, supra,* at 2384–86; *Odence v. Salmonson Ventures,* D.R.I.1985, 108 F.R.D. 163, 167–72; *Magno v. Canadian Pacific, Ltd.,* D.Mass.1979, 84 F.R.D. 414, 415–16.[6]

■ Finally, the equities of the case do not warrant a denial of leave to amend when it would foreclose plaintiff's last cause of action. Although plaintiff's counsel should have designated the proper defendant under the statute, their error has not prejudiced the United States, which has defended its interests diligently throughout the litigation. The amendment will permit a "just ... determination of [the] action" on the merits, Fed.R.Civ.P. 1, and is therefore allowed. *See Fischer v. U.S. Dept. of Transportation,* D.Mass.1977, 430 F.Supp. 1349, 1351. With the proper defendant now in the case, dismissal of the action, either with or without prejudice is unwarranted, *cf. James v. Day,* D.Me.1986, 646 F.Supp. 239, 241, and defendant's motion seeking dismissal is hereby denied as being moot.[7]

---

**6.** In *Schiavone v. Fortune, supra,* the Supreme Court held that, for an amendment to relate back to the time of initial filing, the defendant must have received actual notice within the statutory limitations period, not simply within the 120 days after filing allowed by Fed.R.Civ.P. 4(j). Thus a proposed substitution of parties (on July 19, 1983) did not relate back to the filing of the complaint (on May 4, 1983) because *actual* "notice" of the suit, through service of the summons and complaint, did not come until May 23, 1983, after the state statute of limitations had expired (on May 19, 1983). The unusual feature of the case, as emphasized by the dissent, was that a mere misnaming of defendant resulted in dismissal even though the original filing and service of process (after the statu-

tory period had lapsed) were timely under Fed. R.Civ.P. 4(j). The problem of filing before the end of a limitations period and making service afterward is not at issue here. Both actual notice and filing of the complaint were effectuated prior to the expiration of any limitations period.

**7.** Because plaintiff's amendment is proper and timely, and serves to cure the jurisdictional defect raised by the United States, it is unnecessary to decide whether an individual in "a chain of authority", as well as the head of a department, is a proper defendant. *Beasley v. Griffin, supra.*