**Giuseppe CIOLINO, Plaintiff,**

v.

**SCIORTINO CORP., and Rose's Oil Service, Inc., Defendants.**

**Civ. A. No. 88–1643–C.**

United States District Court,
D. Massachusetts.

Oct. 2, 1989.

Joseph M. Orlando, Orlando & Associates, Gloucester, Mass., for plaintiff.

Thomas E. Clinton, Clinton & Muzyka, P.C., Boston, Mass., for defendants.

Vincent Galvin, Law Offices of Vincent Galvin & Associates, Wilmington, Mass., for Rose's Oil Service, Inc.

## MEMORANDUM

CAFFREY, Senior District Judge.

This case is now before the Court on the defendant Rose's Oil Service, Incorporated's ("Rose Oil") motion to dismiss. Plaintiff, Giuseppe Ciolino ("Mr. Ciolino"), is a seaman who was a crew member of the F/V ANTARES, a vessel owned and operated by the defendant Sciortino Corp. ("Sciortino"). On November 6, 1985, while employed by Sciortino on the F/V ANTARES, Mr. Ciolino sustained injuries to his back and right leg. Allegedly, Mr. Ciolino suffered these injuries when he lifted and carried a fellow crewmember who had been injured in a fire aboard the F/V ANTARES. The fire was allegedly caused by the bursting of the vessel's hydraulic system, which was designed, manufactured and installed by the defendant Rose Oil.

On July 13, 1988, the plaintiff filed his complaint, naming Sciortino, owner of the F/V ANTARES, as the only defendant and asserting a negligence claim under the Jones Act and both an unseaworthiness and a maintenance and cure claim under the general maritime law. *See* 46 U.S.C.A. App. § 688 (West 1920). On March 6, 1989, the plaintiff amended his complaint to add Rose Oil, the designer, manufacturer and installer of the hydraulic system, as a defendant. In his amended complaint, the plaintiff asserted against Rose Oil three product liability claims: one on a negligence theory, one on a breach of warranty theory, and one on a strict liability theory. Upon being served with the plaintiff's amended complaint, defendant Rose Oil brought a motion to dismiss and filed supporting memoranda. Plaintiff opposed Rose Oil's motion to dismiss, and the Court heard oral arguments from both parties on

May 25, 1989. Defendant Rose Oil's motion to dismiss is now before the Court.

Rose Oil moves for dismissal on two grounds: 1) lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), and 2) failure to commence suit before expiration of the applicable statute of limitations, pursuant to Rule 12(b)(6). Fed.R.Civ.P. 12(b)(1), (6). Upon consideration, the defendant's motion to dismiss for lack of subject matter jurisdiction should be denied. For the following reasons, however, the defendant Rose Oil's motion to dismiss on the ground that the applicable three-year statute of limitation bars the plaintiff's claim against it should be allowed.

### I. *Subject Matter Jurisdiction.*

The defendant Rose Oil argues that because no diversity of citizenship nor "federal jurisdiction over the subject matter"[1] of this claim exists in this case, the Court lacks jurisdiction. The defendant, however, neglects the admiralty jurisdiction of this Court. 28 U.S.C.A. § 1333 (West 1948). Section 1333 provides: "The district courts shall have original jurisdiction, exclusive of the courts of the states, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled...." *Id.* In *Executive Jet Aviation v. City of Cleveland,* the United States Supreme Court identified a two-part test for determining whether a tort is a "maritime tort" and thus within admiralty jurisdiction. 409 U.S. 249, 253, 268, 93 S.Ct. 493, 497, 504, 34 L.Ed.2d 454 (1972). The Court of Appeals for the First Circuit has consistently applied this two-part test to determine whether a tort is within admiralty jurisdiction. *Shea v. Rev–Lyn Contracting Co., Inc.,* 868 F.2d 515, 517 (1st Cir.1989); *Carey v. Bahama Cruise Lines,* 864 F.2d 201, 207 n. 4 (1st Cir.1988); *Drake v. Raymark Industries, Inc.,* 772 F.2d 1007, 1012–13 (1st Cir.1985); *Austin v. Unarco Industries, Inc.,* 705 F.2d 1, 8–14 (1st Cir.1983).

---

**1.** By "federal jurisdiction over the subject matter," the Court assumes the defendant is referring to federal question jurisdiction.

Under the first part of the test, the "locality prong," the tort must have occurred on navigable waters. *Executive*, 409 U.S. at 253–54, 93 S.Ct. at 497. In this case, the plaintiff, Mr. Ciolino, suffered injuries while on the deck of a vessel, the F/V ANTARES, which was on navigable waters. Furthermore, the alleged cause of his injuries was the vessel's hydraulic system. Accordingly, the facts of this case clearly satisfy the "locality prong."

The second prong of the test, the "nexus" prong, requires that the tort bear a significant relationship to traditional maritime activity. *Foremost Insurance Co. v. Richardson*, 457 U.S. 668, 673, 102 S.Ct. 2654, 2657, 73 L.Ed.2d 300 (1982); *Executive*, 409 U.S. at 257, 268, 93 S.Ct. at 499, 504. The First Circuit Court of Appeals has followed the courts of other circuits in recognizing various, relevant factors for determining whether a tort bears a significant relationship to maritime activity: 1) the functions and roles of the parties; 2) the types of vehicles and instrumentalities; 3) the causation and type of injury; 4) traditional concepts of the role of admiralty law; 5) the impact of the event on maritime shipping and commerce; 6) the desirability of a uniform national rule to apply to such matters, and 7) the need for admiralty "expertise" in the trial and decision of the case. *See Shea*, 868 F.2d at 517–18; *Drake*, 772 F.2d at 1015. *See also, Molett v. Penrod Drilling Co.*, 826 F.2d 1419, 1426 (5th Cir.1987); *Oman v. Johns–Manville Corp.*, 764 F.2d 224, 230 (4th Cir. 1985); *Harville v. Johns–Manville Products Corp.*, 731 F.2d 775, 779–87 (11th Cir. 1984); *Kelly v. Smith*, 485 F.2d 520, 525 (5th Cir.1973). Consideration of the facts of this case together with these factors conclusively establishes that the tort alleged by the plaintiff in this case bears a significant relationship to traditional maritime activities.

The plaintiff in this case is a seaman who was employed on the vessel F/V ANTARES; the defendant Rose Oil is a corporation engaged in the design, manufacture, installation and maintenance of machinery for commercial fishing vessels which supplied the hydraulic system to the F/V ANTARES. The instrument which allegedly caused the plaintiff's injury was the F/V ANTARES' hydraulic system. The plaintiff injured his back while carrying a fellow crew member out of the fire allegedly caused by the bursting of the hydraulic system. Furthermore, the impact of this event on maritime shipping and commerce is obvious because the F/V ANTARES is a commercial fishing vessel upon which the plaintiff was employed as a commercial fisherman. Clearly, a traditional role of admiralty law has been to cover cases where seamen are injured because of a vessel's defective machine. Finally, this is the type of case for which a uniform ration rule is desirable and in which admiralty expertise is needed. Thus, the tort alleged in this case, a seaman's claim against a manufacturer of a hydraulic system installed on a commercial fishing vessel, bears a significant relationship to traditional maritime activity.

Accordingly, the tort alleged in this case is a "maritime tort" because it satisfies both the "locality prong" and the "nexus prong" of the two-part test for admiralty jurisdiction. Pursuant to section 1333, therefore, this court has admiralty jurisdiction over the plaintiff's claim against defendant Rose Oil. Consequently, Rose Oil's motion to dismiss for lack of subject matter jurisdiction should be denied.

## II. *Statute of Limitations Defense.*

As a second ground for dismissal, defendant Rose Oil argues that the plaintiff's claim against Rose Oil is barred by the Uniform Statute of Limitations for Maritime Torts. 46 U.S.C.A.App. § 763a (West 1980). The plaintiff counters that the statute of limitations codified in section 763a does not apply. Rather, the plaintiff argues that the doctrine of laches governs this case and does not bar the plaintiff's action.

In admiralty suits, the equitable doctrine of laches has traditionally determined whether a party's delay in bringing a claim should bar the suit. *See Czaplicki v. The Hoegh Silvercloud*, 351 U.S. 525, 533, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956); *Puer-*

to *Rican–American Insurance Company v. Benjamin Shipping Company*, 829 F.2d 281, 283 (1st Cir.1987); *Azalea Fleet v. Dreyfus Supply & Machinery Corp.*, 782 F.2d 1455, 1458 (8th Cir.1986). On October 6, 1980, however, Congress enacted the "Uniform Statute of Limitations for Maritime Torts," a three-year statute of limitations for personal injury actions arising out of maritime torts. 46 U.S.C.A.App. § 763a; *Cooper v. Diamond M Company*, 799 F.2d 176, 178 (5th Cir.1986); *Bush v. Sumitomo Bank and Trust Co., Ltd.*, 513 F.Supp. 1051, 1054–55 (E.D.Tex.1981). Section 763a provides:

> Unless otherwise specified by law, a suit for personal injury or death, or both, arising out of a maritime tort, shall not be maintained unless commenced within three years from the date the cause of action accrued.

The legislative purpose of section 763a was to "establish a uniform national statute of limitations for maritime torts." H.Rep. No. 737, 96th Cong., 2d Sess. 1 reprinted in 1980 U.S.Code Cong. and Admin.News 3303. Thus, section 763a, replacing the doctrine of laches, applies to all maritime tort claims for personal injury accruing since the date of its enactment.[2]

Section 763a applies to the instant case because the plaintiff seeks damages for personal injury arising out of a maritime tort, namely, Rose Oil's alleged negligence, breach of warranty or strict liability regarding its product, the hydraulic system. The plaintiff's cause of action against Rose Oil accrued on November 6, 1985 when the hydraulic system allegedly burst and the plaintiff injured his back while carrying his fellow seaman out of the resulting fire.

The plaintiff did not amend his complaint and bring this suit against Rose Oil, however, until March 6, 1989, three years and four months later. Accordingly, under section 763a, the plaintiff's claim is barred because he failed to commence this action within three years of the date on which it accrued.

The plaintiff further argues, however, that even if Section 763a does apply, it does not bar the plaintiff's action against Rose Oil because the plaintiff asserted its claim via an amended pleading and, thus, his claim relates back to the date of the original pleading pursuant to both Federal Rule 15(c) and Massachusetts Rule 15(c). Fed.R. Civ.Proc. 15(c); Mass.R.Civ.Proc. 15(c). The plaintiff filed its original complaint against Sciortino on July 15, 1988, well within the three-year limitations period of section 763a. If the plaintiff's claim against Rose Oil does relate back, therefore, section 763a would not bar it. Conversely, defendant Rose Oil contends that Federal Rule 15(c), not Massachusetts Rule 15(c), applies and that under Federal Rule 15(c), plaintiff's claim does not relate back.

The first issue to decide is whether Federal Rule 15(c) or the more liberal Massachusetts Rule 15(c) applies.[3] In this case, plaintiff asserts product liability claims which fall within admiralty jurisdiction. With admiralty jurisdiction comes the application of substantive admiralty law. *East River S.S. Corp. v. TransAmerica Delaval*, 476 U.S. 858, 864, 106 S.Ct. 2295, 2298, 90 L.Ed.2d 865 (1986); *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628–29, 79 S.Ct. 406, 408–09, 3 L.Ed.2d 550 (1959); *Moore–McCormack*

---

**2.** The Fifth Circuit has also held that claims accruing prior to October 6, 1980 will remain viable for only three years after the passage date of section 763a. *See Clay v. Union Carbide Corp.*, 828 F.2d 1103, 1105 (5th Cir.1987); *Cooper*, 799 F.2d at 178. Additionally, the doctrine of laches still applies in admiralty suits which involve claims other than tort claims and damages other than personal injury. *See, Reed v. American S.S. Co.*, 682 F.Supp. 333, 338 (E.D. Mich.1988) (maintenance and cure claim); *Puerto Rican–American*, 829 F.2d at 283 (property damage); *Azalea*, 782 F.2d at 1456–58 (property damage).

**3.** Massachusetts Rule 15(c) provides:

> (c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.

Mass.R.Civ.Proc. 15(c).

*Lines, Inc. v. Amirault,* 202 F.2d 893, 896–97 (1st Cir.1953). In the absence of a relevant statute, the general maritime law, developed by the judiciary and consisting of an amalgalm of traditional common-law rules, modifications of these rules and newly created rules, applies. *East River,* 476 U.S. at 864–65, 106 S.Ct. at 2298–99; *United States v. Reliable Transfer Co.,* 421 U.S. 397, 409, 95 S.Ct. 1708, 1715, 44 L.Ed.2d 251 (1975). In *East River S.S. Corp. v. TransAmerica Deleval,* the Supreme Court incorporated the law of products liability, including strict liability, into the general maritime law. 476 U.S. at 858, 106 S.Ct. at 2295. The plaintiff's product liability claims against Rose Oil, therefore, are governed by the general maritime law and principles of product liability law as the federal judiciary has incorporated and developed those principles.

■ Accordingly, federal substantive law, namely, the general maritime law, and not Massachusetts substantive law, controls the decision of this case. True, as the plaintiff emphasizes, this circuit follows the minority view that in diversity cases, federal courts follow state procedure as to relation-back when state substantive law controls. *Compare Marshall v. Mulrenin,* 508 F.2d 39, 44–45 (1st Cir.1974) *with Skidmore v. Syntex Laboratories, Inc.,* 529 F.2d 1244, 1249 (5th Cir.1976). *See Magno v. Canadian Pacific, Ltd.,* 84 F.R.D. 414, 416 (D.Mass.1979). This case, however, is not a diversity case, nor does Massachusetts substantive law provide the rule of decision. This case is within admiralty jurisdiction and general maritime law governs. Thus, because federal substantive law controls the decision of this case, this court should apply Federal Rule 15(c), not Massachusetts Rule 15(c), in determining whether the plaintiff's claim against Rose Oil relates back. *See Magno,* 84 F.R.D. at 416.

Federal Rule 15(c) provides:

(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against the party.

Fed.R.Civ.Proc. 15(c). In this case, the plaintiff amended his complaint to assert a new claim against a new party. Thus, the plaintiff must satisfy three requirements to have his claim against Rose Oil relate back. First plaintiff's new claim against Rose Oil must have arisen out of the same conduct, transaction or occurrence as his claim against Sciortino. Clearly, the plaintiff has satisfied this requirement because his claims against both Rose Oil and Sciortino arose out of the bursting of the hydraulic system, the resulting fire and the plaintiff's assistance to his fellow crew member on November 6, 1985.

Second, Rose Oil must have received such notice of the plaintiff's institution of its action against Sciortino that Rose Oil will not be prejudiced in maintaining its defense on the merits. The caselaw is clear; the "notice" required by the rule is "notice of the institution of the action" against the original party within the statutory period. *Schiavone v. Fortune,* 477 U.S. 21, 30, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *Williams v. United States,* 711 F.2d 893, 898 (9th Cir.1983); *Hughes v. United States,* 701 F.2d 56, 58 (1982); *Simmons v. Fenton,* 480 F.2d 133, 137 (7th Cir.1973); *Craig v. United States,* 413 F.2d 854, 857–58 (9th Cir.1969); *Odence v. Salmonson Ventures,* 108 F.R.D. 163, 170 (D.R.I.1985); *Magno v. Canadian Pacific, Ltd.,* 84 F.R.D. 414, 415 (D.Mass.1979). We agree with the plaintiff that the rule states that this "notice" be "such" that "the party will not be prejudiced in maintaining its defense," but we cannot ignore

that this notice must be "of the institution of the action."

In this case, the record shows that the defendant Rose Oil did not have notice of the plaintiff's action against Sciortino within the statutory three-year period. Both the owner and president of Rose Oil, Frank Rose III, and the clerk of Rose Oil, Frank Rose IV, submitted affidavits swearing that they did not know the plaintiff, of his injuries, or of the plaintiff's institution of this litigation until being served with the plaintiff's amended complaint. Although defendant Rose Oil did know of a suit brought by a different plaintiff, Vito Taormina, arising out of the same incident and naming Rose Oil as defendant, knowledge of that other suit does not constitute knowledge of "this action" brought by this plaintiff. Thus, the plaintiff has not satisfied this second requirement, and, therefore, the plaintiff's claim against Rose Oil does not relate back under Rule 15(c) of the Federal Rules of Civil Procedure. Fed.R. Civ.Proc. 15(c). Accordingly, because the plaintiff's claims against Rose Oil are barred by Section 763a and do not relate back under Federal Rule 15(c), Rose Oil's motion to dismiss on this ground should be allowed.

Order accordingly.