**Thomas RAE, Plaintiff,**

v.

**David KLUSAK, et al., Defendants.**

**No. 91 C 6239.**

United States District Court, N.D. Illinois, E.D.

Jan. 11, 1993.

John P. De Rose, John P. De Rose and Assoc., Burr Ridge, IL, for plaintiff.

Tracey R. Ladner, Amy E. Neuman, John R. Roche, Jr. Assts. Corp. Counsel, Chicago, IL, for defendants.

MEMORANDUM OPINION
AND ORDER

SHADUR, Senior District Judge.

At this point plaintiff Thomas Rae ("Rae"), by filing his Second Amended Complaint ("SAC"), has made his third attempt to assert claims under 42 U.S.C. § 1983 ("Section 1983"). After having unsuccessfully resisted the effort of Rae's counsel to present that revised pleading to begin with, defendants have now filed what they label as a motion to dismiss the SAC with prejudice. However, both that motion and its supporting memorandum and supplement clearly reflect that the only thing that defendants are really targeting is Rae's proposed inclusion of the City of Chicago ("City") as an added defendant.

In that respect City objects to being named (1) because of the SAC's asserted untimeliness and (2) because of the claimed insufficiency of the SAC's substantive allegations against City—but nothing in defendants' submissions seeks to challenge Rae's claims against the numerous individual defendants. This opinion will accordingly focus solely on the added inclusion of City as a putative defendant, and it therefore refers to the motion and supporting papers as City's only—not as defendants' collectively.

*City as Defendant: Timeliness*

One plainly misguided aspect of City's presentation should be disposed of at

the outset. Although City refers to Fed. R.Civ.P. ("Rule") 15(c) in its memorandum of law and although it then refers to Rule 15(c)(3) in its supplement to the dismissal motion, its Mem. 2–3 inexplicably says:

> Under Fed.R.Civ.P. 15(c), the law governing relation back is the law of the state governing relations between the parties.

Then its Mem. 3 goes on to quote Ill.Rev. Stat. ch. 110, ¶ 2–616(d) and to cite a group of Illinois cases dealing with the principles of relation back under Illinois procedures.

But that of course is arrant nonsense— given the still-definitive teaching of *Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), such recourse to state law for the rules of decision would not be appropriate even in a diversity-of-citizenship action (see *Santana v. Holiday Inns, Inc.,* 686 F.2d 736, 740 (9th Cir.1982) and cases cited there). And it really follows a fortiori that City's counsel cannot argue in good conscience that a state statute and state case law should override the explicit provisions of Rule 15(c) in a federal question case such as this one, grounded as it is in Section 1983 (see *Ciolino v. Sciortino Corp.,* 721 F.Supp. 1491, 1494–95 (D.Mass. 1989) (applying that principle in a federal question case, even though that Circuit may follow the decidedly minority view that a state's relation back rule is to be followed in a diversity case); *Martinez v. Ortiz,* 715 F.Supp. 419, 422–23 (D.P.R.1989) (analyzing the issue at length and pointing out the universality of the rule stated here)).[1]

This Court therefore looks solely to Rule 15(c) as the source of law to deal with City's current motion. In that regard one other issue (an issue not dealt with by either party) should be mentioned early on. City's supplement to its motion (though not its original motion or memorandum) refers to Rule 15(c)(3), which is part of the amendment to Rule 15(c) that took effect December 1, 1991 to overrule the extraordinarily restrictive reading of that Rule that the Supreme Court had earlier adopted in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). On the other hand, Rae's response to City's motion to dismiss has looked at and analyzed the matter only under the earlier version of Rule 15(c) as dealt with in *Schiavone.*

Those differing approaches have been taken without any discussion at all of the question whether Rule 15(c)(3) (rather than the earlier version of Rule 15(c)) should or should not be considered as applicable to this lawsuit.[2] As pure chance would have it, there is a case pending before our Court of Appeals that poses precisely that question of the retroactivity or nonretroactivity of the Rule 15(c)(3) amendment to Rule 15(c). This Court has caused the attention of the litigants in that pending Seventh Circuit case to be drawn to the opinion of four other Courts of Appeals that have already addressed that question (*Skoczylas*

---

1. Maybe City's counsel have drawn their quoted assertion at Mem. 2–3 from the fact that Rule 15(c)(1) now contains the provision that a later pleading will relate back to the date of the original pleading when:

   > relation back is permitted by the law that provides the statute of limitations applicable to the action....

   But if that were in fact the predicate for City's contention, it would reflect both a careless reading of the Rule itself and a failure to look at the contemporaneous explanation of the just-quoted provision. Rule 15(c)(1) is not at all a precondition to relation back—on the contrary, it is stated in the disjunctive to the simultaneously-adopted Rule 15(c)(3), *not* in the conjunctive. And as the Advisory Committee Notes to Rule 15(c)(1) state, that new provision was inserted to give an *additional* escape hatch if a state statute of limitations were *more* liberal than Rule 15(c)(3):

> Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.

Because Rule 15(c)(1) thus does not limit the independent operation of Rule 15(c)(3) in any respect, that actually tends to fortify the already clear proposition that the latter provision looks to federal rather than to state law principles (else Rule 15(c)(1) could never come into play at all).

2. This lawsuit was first filed (and as discussed later, City was first implicated as a defendant) *before* the December 1, 1991 effective date of the amendment that inserted Rule 15(c)(3) into the Rules. Of course the SAC (which has reinjected City as a defendant) was filed *after* that effective date.

*v. Federal Bureau of Prisons*, 961 F.2d 543, 544–46 (5th Cir.1992); *Hill v. United States Postal Serv.*, 961 F.2d 153, 154–56 (11th Cir.1992); *Freund v. Fleetwood Enterprises, Inc.*, 956 F.2d 354, 361–63 (1st Cir.1992); and *Bayer v. United States Dept. of Treasury*, 956 F.2d 330, 334–35 (D.C.Cir.1992)).

Because the matter is not yet settled in this Circuit, this opinion will look at the question under both the original and the amended versions of Rule 15(c). As it turns out, the answer is the same either way:

1. Both versions of Rule 15(c) say that relation back will not apply unless the claim asserted in the amended pleading "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"— but that relationship certainly exists here. Neither side quarrels with that.

2. Under original Rule 15(c), it is necessary to show that City "has received such notice of the institution of the action [before the limitation period has run] that [City] will not be prejudiced in maintaining [its] defense on the merits"—and that too was undoubtedly true here, because Rae's original version of the Complaint had named the various individual defendants in their *official* capacities, thus stating the equivalent of a claim against City itself (*Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985)). Indeed, City's Corporation Counsel successfully obtained dismissal of the *original* Complaint's Section 1983 claims on exactly that ground in the motion that was filed to dismiss that Complaint. Moreover, City's current supplement expressly acknowledges "that it had notice of this action." As for Rule 15(c)(3), the identical result obtains—for that amended version has changed the quoted Rule 15(c) condition only by replacing the timing of its notice requirement with one that looks to the period provided by Rule 4(j) for service of the summons and complaint.

3. Finally, both the original version of Rule 15(c) and its revision via Rule 15(c)(3) require that the newly-named party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Though City seeks to squirm out of that requirement, it must fail on that score as well. After all, City extricated itself from this lawsuit in the first place (via dismissal of the official-capacity claims against the individual defendants) because Rae had failed at that time to satisfy the demands of *Monell v. Department of Social Serv. of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and its progeny for direct (rather than respondeat superior) responsibility on City's part. Now Rae claims that discovery has enabled him to fill that prior vacuum, so that he can bring City back into the case (a subject dealt with later in this opinion).

It is true that it may strain the language of Rule 15(c) and 15(c)(3) just a bit to characterize what happened here—Rae's early lack of information that would allow him to bring Section 1983 liability home to City as the responsible party, followed then by his discovery of such information and the reassertion of the Section 1983 claim against City—as meeting the standard that "but for a mistake concerning the identity of the proper party, the action would have been brought against [City]." But it is also assuredly true that if Rae's lawyer had known at the outset what he says he now knows, he would have brought the action against City in the first place in exactly the same way as the SAC now sets out. And in that sense the original lack of knowledge led Rae and his counsel down the wrong path (by their suing only the *individual* defendants after this Court had found the original Complaint insufficient at defense counsel's behest). Certainly that type of misunderstanding of the actual facts may reasonably be described as a "mistake"—and it cannot be gainsaid that this opinion's determination that City should be joined as a defendant admirably serves the basic policy that underlies Rule

15(c) in either its earlier or its later version.[3]

In summary, City's motion to dismiss the SAC based on the time bar must fail. This opinion turns then to City's other challenge to the SAC—the substantive one.

### City as Defendant: The Merits

On the merits, City briefly challenges the SAC in *Monell* terms (its Mem. 5–6). Although Rae's responsive memorandum does not deal with that one-page attack (a surprising omission), the applicable principles are so familiar—and so readily applied here—that no extended discussion is required.

*Strauss v. City of Chicago*, 760 F.2d 765, 769–70 (7th Cir.1985) has set up an extraordinarily difficult roadblock for the plaintiff who needs access to a municipality's records and to other discovery as a precondition to learning the facts that would support the municipality's Section 1983 responsibility. This Court has had occasion from time to time (beginning with its opinion in *Payne v. City of LaSalle*, 610 F.Supp. 606, 607–09 (N.D.Ill.1985), which it issued in the month immediately following the issuance of the *Strauss* opinion) to comment on the Catch 22 nature of the problem created by the *Strauss* doctrine.

■ Here Rae's counsel has been able to overcome that hurdle via his post-filing discovery. And Rae's present allegations (which must of course be accepted as true in dealing with the SAC's legal sufficiency) set out both (1) the existence of a claimed municipal policy whose implementation caused plaintiff's injuries and (2) the conduct of City's Inspector General Alexander Vroustouris in establishing and implementing that policy.

Either of those propositions would suffice to support Section 1983 liability on City's part, although City cavils at the

SAC's lack of specificity on the first subject (something on which a strict application of the *Strauss* principle could pose difficulties). This opinion therefore looks only to the second proposition (without necessarily deciding whether the first would survive scrutiny as well). On that score City's view of the Inspector General as not having "final policymaking authority"—for which purpose City seeks to rely on *Auriemma v. Rice*, 957 F.2d 397 (7th Cir. 1992)—is myopic. Policymaker identity is necessarily a function of the particular activity that is involved (*Auriemma* itself recognizes that), and here the SAC squarely places the ultimate responsibility for making as well as for carrying out the policy at issue here on the Inspector General's shoulders. That is enough to sustain the SAC for now.

### Conclusion

*City's motion to dismiss the SAC is denied. Whether or not Rae will be able to deliver as he advertises in the SAC must remain for determination at trial.*

**3.** It is worth observing that *all* of City's arguments in its initial Mem. 2–5 focused solely on the Illinois relation-back statute and on the Illinois cases applying that statute, all of which require that a plaintiff's failure to have joined a defendant earlier must have been "inadvertent"—a quite different animal from the "mistake" standard of Rule 15(c). And when City finally did get around to mentioning Rule 15(c)(3) in its one-page supplement, referring there to the Rule's "mistake" standard, City offered up nothing but its own ipse dixit in urging that no mistake was present in this case. City's saying so does not of course make it so.